The main opinion includes the following statement:
 "Beard has not adduced substantial evidence that the decedent expected or intended to suffer the fatal injury he sustained while in the line and scope of his employment on the day of his death. In the absence of such evidence (or evidence that the employer intended an employee to be injured or to die, see Hobbs, supra), neither an employee nor an employee's successor in interest can properly invoke a remedy outside the boundaries of the [Workers' Compensation] Act with respect to a workplace injury to, or a workplace death of, an employee."
908 So.2d at 937-38 (footnote omitted). I would not word this statement in this way. Among other things, it appears to carry with it a negative, and unusual, implication *Page 939 
that, if the evidence does support a finding that an employee expected or intended to suffer a fatal injury, he or she could properly invoke a remedy outside the boundaries of the Workers' Compensation Act.
I believe the more appropriate way to make the point that I believe needs to be made would be to state as follows:
 "There is no genuine issue as to the fact that the decedent in this case did not expect or intend to suffer a fatal injury on the day of his death. Accordingly, and absent evidence that the employer actually intended the employee to be injured or to die, cf. Hobbs, supra, the employee's workplace injury is properly considered to be an `accident' within the meaning of the Act."
There is not substantial evidence in the present case indicating that the employer actually intended to injure or cause the death of Christopher Lawrence. I therefore believe the analysis provided in Larson's Workers' Compensation Law, as set out in the main opinion, is particularly apt.
I agree with Presiding Judge Yates that, as the main opinion notes, the "`circumstances surrounding the decedent's death are somewhat uncertain.'" 908 So.2d at 934 (Yates, P.J., dissenting). Although Beard briefly notes near the end of the first argument in her brief on appeal that there may be a disputed fact as to whether the employee's death arose out of his employment, she does not make an argument supported by legal authority to this effect. Instead, her brief focuses upon her arguments that Lawrence's death was foreseeable and that the employer had a duty to protect Lawrence from the criminal act of Seals. Those contentions are addressed in the main opinion.